```
               UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT


CARL HOFFMAN,                     :
                                  :
        Plaintiff                 :
                                  :
        v.                        :
                                  :
ADE SOFTWARE CORP.,               :    No. 2:04-CV-163
ROBERT M. HARDY, and,             :
ROBERT ABBE,                      :
                                  :
        Defendants                :
```

## OPINION AND ORDER

Defendant ADE Software Corp. ("ADE") moves to dismiss Plaintiff Carl Hoffman's complaint for insufficient service of process and untimeliness pursuant to Fed.R.Civ.P. 12(b)(4), (5), and (6). For the reasons stated below, the Court GRANTS ADE's motion to dismiss with prejudice.

## BACKGROUND

In March 1997, Hoffman began employment with LPA Software, Inc., a New York corporation, at its office in Williston, Vermont. Hoffman was a sales manager for the Eastern United States and Europe, and was involved in LPA's product design. Upon commencing his employment he signed a contract that contained a non-competition clause, which stated:

> Employee agrees that during the term of this Agreement and for a period of one (1) year after the expiration of this Agreement or termination of his employment with Employer, without the prior written consent of the Employer (which consent will not be unreasonably withheld), he will not ... be employed by ... any enterprise in the United States or Canada engaged in the business of preparing, designing,

1

> implementing or marketing computer systems or in research and development ... where such activity competes directly with the Employer.

Hoffman left his position at LPA on September 8, 1997, and one week later commenced employment at KLA-Tencor Corp, one of LPA's competitors.  At approximately the same time, LPA was acquired by the defendant.  ADE sought to enforce the non-compete clause contained in Hoffman's employment contract.  A preliminary injunction was granted by the Chittenden County Superior Court on January 16, 1998 enjoining Hoffman from working for KLA-Tencor for one year.  Hoffman filed an interlocutory appeal seeking a review of the grant of the preliminary injunction.  The Vermont Supreme Court dismissed the appeal.

On September 28, 1998, ADE moved to dismiss its suit against Hoffman and the preliminary injunction was suspended.  At that time, Hoffman had been enjoined from working for KLA-Tencor for one year, and the purpose of the non-compete clause had been carried out.  By September 1998, however, the KLA-Tencor position was no longer available.

At the time that ADE moved to dismiss its case against him, Hoffman did not object to the dismissal.  Instead, he filed a motion in the Chittenden Superior Court for determination of injunction damages pursuant to V.R.C.P. 65(c), 65.1  and 12 V.S.A. § 4447, seeking damages arising from the wrongful issuance of the preliminary injunction in that matter.

Under Vermont law "if a court of equity dissolves an injunction because a plaintiff has failed to establish his right

in equity to have had the benefit of such relief, that plaintiff is, of course, liable for any damage caused by the injunction unjustifiably given him." Sykas v. Alvarez, 126 Vt. 420, 422 (1967); Weed v. Hunt, 90 Vt. 418, 421 (1916).

Hoffman sought a trial on the merits of the allegations of the ADE complaint in order to demonstrate that ADE could not prove essential elements of the complaint because (1) his employment with KLA-Tencor did not involve any activity in direct competition with ADE or LPA; (2) he was not in possession of and did not threaten to disclose any trade secrets, and (3) the non-compete clause was unenforceable under New York law.

In this case, however, no court dissolved the injunction, and there was no final determination that it was wrongfully issued. "Where the propriety of the injunctive relief has not been settled by a final decree... The burden is on the defendant to establish his right to damages." Sykas, 126 Vt. at 422.  The Chittenden County Superior Court, therefore, determined that the burden was on Hoffman to prove his entitlement to damages.  The court allowed Hoffman to proffer new evidence to support his contention that the injunction was improperly issued, but it determined that Hoffman had not met his burden of proving his entitlement to injunction damages.  Upon review, the Vermont Supreme Court affirmed this decision, stating that Hoffman's submissions to the trial court "did not articulate with any specificity the contours of his damages, nor proffer any new evidence with respect to his claims." ADE Software Corp. V. Hoffman, 172 Vt. 259, 264 (2001).  Hoffman

also did not make a timely jury request.  Therefore, the Superior Court denied Hoffman a trial on the merits of his claim.

Hoffman filed a complaint in this Court against ADE and two of its officers, Robert M. Hardy and Robert Abbe on July 1, 2001. He sought "a determination on the merits of the factual and legal issues underlying the state action for the purposes of determining whether ADE was ever entitled to injunctive relief, and if not, to recover the economic losses caused by the state court's order." Hoffman's Opposition to ADE's Motion to Dismiss at 4.  This request was in the form of a claim that ADE tortiously interfered with Hoffman's contractual rights and that it violated his civil rights, actionable under 42 U.S.C. §§ 1982 and 1985.

On November 10, 2004 this Court issued an order requiring Hoffman to file proof of service by November 24, 2004, or file an explanation of why service had not been effected.  Hoffman did not serve his complaint on ADE until November 18, 2004, 141 days after he filed the complaint in this Court.  On November 23, 2004 Hoffman filed a motion to extend time for service of the complaint.  In this motion, Hoffman stated that ADE had been served on or about November 18, 2004, but requested that an extension of time for service be granted with respect to defendants Hardy and Abbe.  Hoffman was granted an additional thirty days to serve Hardy and Abbe, but he failed to locate them during that time period.

## **LEGAL STANDARD FOR DISMISSAL PURSUANT TO FED.R.CIV.P 12(B)(6)**

On a motion to dismiss pursuant to Rule 12(b)(6), "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." Esden v. Bank of Boston, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). "In ruling on such a motion, the court must look only to the allegations in the complaint and any documents attached to or incorporated by reference in the complaint." Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999). Morever, the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).

## DISCUSSION

a. Service of Process

Hoffman was required to serve his complaint on ADE within 120 days of his federal court filing, in accordance with the Federal Rules of Civil Procedure. Fed.R.Civ.P.4(m). Except when the tolling of the statute of limitations is implicated, the adoption of the federal rule for service of process applies. See Hanna v. Plumer, 380 U.S. 460 (1965); see also Melvin v Wal-Mart Stores, Inc., 338 F Supp. 2d 622 (M.D.N.C. 2004) (plaintiff had 120 days

to have summons issued and served upon defendant rather than five days allowed under the state rule).

Hoffman did not serve the defendant until 141 days after his federal court filing.  Hoffman claims that the complaint was not untimely because this Court issued an order dated November 10, 2004 that directed that service on ADE, as well as other defendants, be effected and proof of service filed within ten days (by Wednesday, November 24, 2004). The defendant misrepresents the Court's order.  On November 10, 2004, the Court ordered that Hoffman file proof of service or otherwise file an explanation for why service had not been effected.  No order that service be effected was given and no extension of time for serving ADE was granted.

Because Hoffman did not serve ADE until 141 days after the complaint was filed, ADE is entitled to dismissal of the complaint on the grounds of insufficient service of process.  The remaining question, then, is whether Hoffman should be permitted to re-file and re-serve this complaint.

b. Applicable Statute of Limitations

The Court now turns to the question of what statute of limitations is applicable to Hoffman's claims for tortious interference with contract and for violations of his civil rights under 42 U.S.C. §§ 1982 and 1985.  ADE argues that all of Hoffman's claims are time-barred under Vermont law.

"It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law

6

claims under federal diversity jurisdiction." Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989), citing Guaranty Trust Co. v. York, 326 U.S. 99 (1945). It is also a general rule that state statutes of limitations are applicable to federal civil rights actions brought under 42 U.S.C.A. § 1983. This rule has been widely followed and recognized in the Second Circuit. See Deepwells Estates Inc. v. Incorporated Village of Head of Harbor, 973 F. Supp. 338 (E.D.N.Y. 1997). There is no explicit provision in either 42 U.S.C. § 1982 or § 1985 limiting the time in which causes of action may be brought under those statutes. Absent a statute of limitations, federal courts are left to apply analogous state statutes. O'Sullivan v. Felix, 233 U.S. 318 (1914). See also Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983); Burnet v. Grattan, 468 U.S. 42, 49 (1984).

There is no dispute that Vermont law is applicable in this case. There is, however, a disagreement between the parties as to whether Vermont's "catch all" six year statute of limitations under 12 V.S.A. § 511 applies to Hoffman's claims, or whether the three year statute of limitations for personal injury or injury to personal property under 12 V.S.A § 512 applies. Currently, it is not necessary for this Court to make a determination on this issue. Even applying the longest possible statute of limitations of six years, Hoffman's claim is still procedurally defaulted for the reasons set out below.

### c. Accrual of Hoffman's Claims

#### i. Federal Law Claims

Under federal law, which governs the accrual of claims brought under 42 U.S.C. §§ 1982 and 1985, a claim accrues once the "plaintiff knows or has reason to know of the injury which is the basis of his action." Morse v. University of Vermont, 973 F.2d 122, 125 (2d Cir. 1992). If, for example, "an employee is told on Monday that he is fired effective the end of the week, and his last day of work is the following Friday -- his claim accrues on Monday, not on Friday." Putkowski v. Warwick Valley Central School District, 363 F. Supp. 2d 649, 655 (S.D.N.Y. 2005). The Supreme Court has ruled that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8,(1981)(citing Delaware State College v. Ricks, 449 U.S. 250, 258,(1980)).

Hoffman argues that his civil rights claims accrued on September 28, 1998, at the time that ADE moved to dismiss its suit against him. Alternatively, Hoffman asserts that the claim accrued on April 20, 2001, when the Vermont Supreme Court affirmed the decision of the trial court denying him a trial on the merits.

This assertion is groundless. Hoffman had to have been aware of his injury at the time that the preliminary injunction was issued. In fact, he has argued and continues to argue that he is entitled to damages *arising from the injunction*. Indeed, it would be remarkable if Hoffman appealed his case to the Vermont Supreme Court without realizing that any injury had yet occurred.

Hoffman's federal law claims accrued no later than January

16, 1998, the day that the Chittenden County Superior Court imposed the preliminary injunction. Hoffman's federal law claims accrued more than six years before his federal court filing on July 1, 2004. The claim is, therefore, procedurally defaulted.

 ii. state law claim

 As with his federal law claim, Hoffman argues that he could not have sued and recovered on his claim for tortious interference with contract until the dissolution of the injunction on September 28, 1998, or alternatively that it accrued on April 20, 2001, when the Vermont Supreme Court affirmed the decision of the trial court.

 Under Vermont law, which governs the accrual of Hoffman's state law claim, "the statute of limitations runs from the time when a plaintiff can first sue and recover its demand." Rennie v. State, 171 Vt. 584, 586 (2000); see also Furlon v. Haystack Mountain Ski Area, Inc., 136 Vt. 266, 270 (1978). In Rennie, the plaintiff claimed, *inter alia*, that her employer committed civil rights violations, wrongful constructive discharge and tortious interference with contract. In deciding when Rennie's cause of action for tortious interference with contract accrued, the court concluded that it was necessary to determine when all of the essential acts comprising the claims occurred. It concluded that her cause of action accrued when Rennie stopped working for her employer, not on the date that she officially resigned.

 Considering when all of the events precipitating Hoffman's injury occurred, this Court concludes that he could have sued and

recovered at the time that the preliminary injunction was issued. Following Rennie, the date that Hoffman could have sued and recovered is the day that he was no longer permitted to work at KLA-Tencor. When ADE learned of Hoffman's employment at KLA-Tencor, it sought an injunction in the Chittenden County Superior Court. The injunction was issued on January 16, 1998 and the court refused to amend it on February 20, 1998. Whether ADE improperly obtained the injunction or not, there was nothing preventing Hoffman from suing ADE in state or federal court after January 16, 1998.

Hoffman was represented by a lawyer during the preliminary injunction hearing. When the trial court issued the preliminary injunction, Hoffman could have sued ADE for tortious interference or filed a counterclaim. He took no such action and eventually the case was dismissed. Hoffman failed to object to the dismissal, and only after the matter was no longer pending did he assert his entitlement to injunction damages. When the trial Court denied that request, Hoffman still did not assert any separate claims, but appealed the issue of injunction damages to the Vermont Supreme Court. Now, he claims that the voluntary dismissal of the injunction was an adjudication that the injunction was improperly issued in the first place, and that this event (the dismissal of the injunction) created a new cause of action that entitled Hoffman to a trial in which he would prove damages that arose from the injunction.

This reasoning is misguided. Some courts have held that the

voluntary dismissal of an injunction operates as a final judgment, automatically rendering the plaintiff liable for injunction damages. See, e.g., Wainwright Securities Inc. v. Wall St. Transcript Corp., 80 F.R.D. 103, 107 (S.D.N.Y. 1978); Middlewest Motor Freight Bureau v. United States, 433 F.2d 212, 243 (8th Cir. 1970). The Vermont Supreme Court, on the other hand, has held that the "interlocutory dissolution of an injunction is not, per se, an adjudication that the injunction issued wrongfully." Sykas v. Alvarez, 126 Vt. at 422; see also LaSalle Capital Group, Inc. v. Alexander Doll Co., No. 95C1640, 1995 WL 584429, at 3-4 (N.D.Ill. Oct. 2, 1995) (holding that determinations should be made on a case-by-case basis).

In this very case, the Vermont Supreme Court has decided that the dismissal of ADE suit against Hoffman did not constitute an adjudication that the injunction was wrongfully issued. See ADE Software Corp., 172 Vt. at 264. Hence, under Vermont law, the fact that ADE did not move to dismiss the case until September 28, 1998 is irrelevant. By his own assertion, what Hoffman seeks in this Court (under the guise of tortious interference and civil rights claims), is a chance to prove that the injunction was improperly sought and issued. He states that he filed his complaint in this Court "seeking a determination on the merits of the factual and legal issues underlying the state action for the purposes of determining whether ADE was ever entitled to injunctive relief, and if not, to recover the economic losses caused by the state court's order." Plaintiff's Opposition to

11

ADE's Motion to Dismiss at 4.

A decision by this Court that the dissolution of ADE's injunction did, in fact, constitute an adjudication that it was wrongfully issued in the first instance would be contrary to the decision of the state's highest court on a matter of state law.

Hence, this Court can reach no other conclusion than that the dismissal of ADE's suit against Hoffman did not give rise to a separate cause of action, as it might have in other jurisdictions. Therefore, Hoffman's causes of action accrued no later than January 16, 1998, the day that the Chittenden County Superior Court imposed the preliminary injunction preventing Hoffman from working at KLA-Tencor. Even applying the Hoffman's preferred six year statute of limitations, his cause of action was time-barred as of January 16, 2004 and permitting him to re-file his complaint now would be futile.

d. Request for Attorney's Fees

ADE requests that the Court award attorney fees in this matter. Under the "American Rule," which governs award of attorney's fees, the "prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). However, "courts are empowered to award fees against a losing party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546 (1986).

12

The Court does not find that Hoffman was acting in bad faith or to harass the defendant. Hence, the award of attorney's fees is not appropriate in this case.

## CONCLUSION

Hoffman did not effect timely service on the defendant ADE Software Inc. His complaint is therefore dismissed. Furthermore, Hoffman's claims arising from the injunction issued by the Chittenden Superior Court are procedurally defaulted. For the reasons stated above, Hoffman's complaint against ADE Software Corp. is DISMISSED WITH PREJUDICE.

Dated at Burlington, Vermont this 30th day of September, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge